IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ELLIOTT HENNINGTON,

          Plaintiff,

    v.

BANK OF AMERICA,
BRAIN MOYNIHAN, and
CHARLES NOSKI,

          Defendants.

CIVIL ACTION FILE NO.

1:10-CV-1350-WSD-JFK

## <u>ORDER AND FINAL REPORT AND RECOMMENDATION</u>

Pending before the court is Defendants' motion [Doc. 4] to dismiss the complaint in this civil action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or, in the alternative, a motion for more definite statement pursuant to Rule 12(e). Also pending before the court are Plaintiff Elliott Hennington's motion [Doc. 6] for an extension of time to respond to the motion to dismiss the complaint and motion [Doc. 7] to amend the complaint which Defendants have opposed [Docs. 9, 10]. Plaintiff has filed a response [Docs. 11, 12] to the motion to dismiss the complaint without waiting for the court to rule on Plaintiff's motion for leave to do so. And Defendants have filed a reply and have moved to strike Plaintiff's response. [Doc. 14]. The parties' motions [Docs. 4, 6, and 7] have been submitted for review.

## I.     Facts

The following facts are based on the complaint.  Plaintiff Elliott Hennington obtained a $336,800 mortgage loan from Defendant Bank of America in November 2007.  He received notice of foreclosure sale "[o]n or about June 5, 2009."  Somewhat contradictorily, Plaintiff Hennington states that Bank of America had foreclosed on the property on February 3, 2009.  [Doc. 1, ¶¶ 4, 6].

On July 10, 2008, and April 27, 2010, Plaintiff allegedly sent an "Official Dispute of Debt Affidavit, and Notice of Validation of Debt with Offer to Cure by Discharge with Interrogatories pursuant to Fair Debt Collections Practice Act" to Bank of America.  [Id., ¶ 5; Doc. 1-1, Exhibit ("Exh.") C, at 13-21].  He also sent Bank of America "an affidavit of Constructive Notice of Fraud, and FOIA request for the Directors Oaths registered with the Comptroller of the Currency [see Exhibit D] [for Moynihan and Noski], . . . with interrogatives and deposition [see Exhibit A] . . . an[d] Affidavit & Notice of Cancellation/Discharge of Note and all Contracts [Exhibit E] . . . ."  [Doc. 1, ¶ 7].  As of May 5, 2010, Defendant Bank of America allegedly "failed to validate the debt, respond to any of the affidavits, and answer any of the interrogatories [which were demanded] pursuant to the Freedom of Information Act and O.C.G.A. § 9-11-26 and § 9-11-33."  [Id., ¶ 8].

The introduction to the complaint states that this action is "against JPMorgan Chase Bank N.A., 'defendant', (sic) the assumed/alleged Trustee" [id. at 2], which entity is not a named defendant and is not mentioned again in the body of the complaint. The remainder of the complaint identifies the named Defendants: Bank of America N.A. ("Bank of America"), Brian Moynihan (improperly named as "Brain" Moynihan), and Charles Noski ("Noski") (collectively the "Defendants"). Plaintiff alleges that the mortgage loan "became voidable when Defendant [Bank of America] participated in fraudulent and illegal activity" and that Defendants have "violated their duty as officers sworn to act within the parameters of the . . . National Bank Act and other applicable statutes." [Doc. 1, ¶¶ 1, 2, 14]. Plaintiff further contends the foreclosure was "Wrongful" and a "Sale Due to Fraud" because he had "requested Validation of Debt plus required the Original Note" which Defendant failed to produce. [Id., ¶ 6].

Under the heading "Cause of Action," Plaintiff Hennington alleges that "there is no record that the bank ever made a legitimate loan," that the bank converted the note into a bond without Plaintiff's agreement, and that the bank "provided no consideration" and thus committed fraud and embezzlement. [Doc. 1, ¶¶ 9-12]. The complaint's general allegations also include a claim for "Fraud that induced the obligor

AO 72A
(Rev.8/82)

to sign the instrument with neither knowledge nor reasonable opportunity to learn of its character or its essential terms," which Plaintiff claims is a real defense under "OCGA Title 11 section 3-305-(3)(b)" [id., ¶ 13] and an allegation that Moynihan and Noski who took an oath to follow the NBA "participated in this fraud through their endorsement on the assignment" [id., ¶ 15]. Plaintiff also claims that under the National Banking Act ("NBA"), banks "cannot[ ] loan the capital stock of their directors, nor . . . their depositors" and "cannot enter into mortgage agreements for real estate beyond a 5 year period." [Id., ¶ 14].

In Count I, Plaintiff claims damages based on Defendants' alleged violation of disclosure requirements in the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, et seq., "neglect or disregard for 42 U.S.C. [§] 1983 violations," and violations of "O.C.G.A. §§ 51-1-1, 51-16 and 51-12-30." [Doc. 1, ¶18]. Count II is a claim under the Truth in Lending Act, ("TILA"), 15 U.S.C. § 1601, et seq., for "full reconveyance of the title and cancellation or annulment of the security instrument and promissory note," the return of all fees paid, and an award of punitive damages "[b]y virtue of refusal of TILA rescission demands," and a claim that Plaintiff is entitled to relief based on Georgia's "equity code," O.C.G.A. § 23-2-31. [Id., ¶ 19]. Count III is based on state law claims for fraud and unjust enrichment. [Id., ¶ 20]. Count IV,

4

seeks set-off and recoupment under Georgia UCC § 3-305.  [Id., ¶ 21].  Count V is a claim for "reasonable and customary . . . fees, commensurate with all litigation fees, court fees, and recoupment of all costs in bringing this action."  [Id., ¶ 22].  Counts VI and VII seek injunctive relief and sanctions without specifying the basis for such relief. [Id., ¶¶ 23-24].  Count VIII is a claim "[t]o remove the license of those practicing law and to fine the principals, or assigns and bar them from future banking activities for their breach of obligations under the laws" without citing the basis for such relief.  [Id., ¶ 25].  Count IX is a state law claim for damages based on emotional stress.  [Id., ¶ 26]. And Count X is a claim for damages based on alleged "false billing without debt validation" pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and for alleged violations of the Fair Credit Billing Act ("FCBA"), 15 U.S.C. § 1666, et seq., and mail fraud.  [Id., ¶ 27].  Plaintiff seeks, inter alia, injunctive relief to stay all collection activities, foreclosure actions and sales, $150,000 in damages for torts, breaches, unclean hands and unjust enrichment, and emotional distress, and rescission of the loan and all liens "with full reconveyance and return of all payments, fees and interests."  [Id., ¶¶ 28, 31, 34].

On May 26, 2010, Defendants filed the pending motion to dismiss the complaint [Doc. 4] based on lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2),

failure to state a claim upon which relief may be granted pursuant Rule 12(b)(6), and failure to provide a short, plain statement of the claims pursuant to Rule 8.  In the alternative, Defendants filed a motion for a more definite statement pursuant to Rule 12(e).  [Id.].  On July 1, 2010, Plaintiff filed a motion [Doc. 6] for extension of time to respond to the motion to dismiss, and Defendants have filed an opposition to that motion [Doc. 10].  Plaintiff, without waiting for the court's ruling on the motion for an extension of time, proceeded to file a response to the motion to dismiss [Doc. 11], and Defendants have filed a reply and a motion to strike the response.  [Doc. 14].

After Defendants filed the pending motion to dismiss, Plaintiff filed a motion [Doc. 7] to amend the complaint to add a claim for "[f]ailing to answer freedom of information request as well as failing to answer to challenge of debt pursuant to Fair debt collection act (sic)."  [Doc. 7 at 2].  The proposed amended complaint, which Defendants have opposed [Doc. 9], makes no other changes or additions to the original complaint.

Additional facts will be set forth as needed to address the pending motions.

## II.    Standard of Law

On a motion to dismiss under Rule 12(b)(6), the complaint's factual allegations are assumed true and construed in the light most favorable to the plaintiff.  Hardy v.

6

Regions Mortg., Inc., 449 F.3d 1357, 1359 (11th Cir. 2006); M.T.V. v. DeKalb County Sch. Dist., 446 F.3d 1153, 1156 (11th Cir. 2006). "However, conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002) (citations omitted). The Federal Rules of Civil Procedure include no requirement that a plaintiff detail the facts upon which the plaintiff bases a claim. Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (as amended 2007).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted); accord Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (recognizing that 'while notice pleading may not require the pleader to allege a 'specific fact' to cover every element or allege 'with precision' each element of a claim, of a claim, it is still necessary that a complaint 'contain either direct or inferential allegations

7

respecting all the material elements necessary to sustain a recovery under some viable legal theory'") (citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level," i.e., they must do more than merely create a "'suspicion [of] a legally cognizable right of action,' on the assumption that all the allegations in the complaint are true  (even if doubtful in fact)." Twombly, 127 S. Ct. at 1965 (citations omitted) (emphasis omitted).   "Stated differently, the factual allegations in a complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief[.]'" Stephens, 500 F.3d at 1282 (quoting Twombly, 127 S. Ct. at 1966-67).

The court's inquiry at this stage of the proceedings focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations and internal quotation marks omitted).  And, a court reviewing a motion to dismiss must keep in mind that a "motion to dismiss for failure to state a claim upon which relief can be granted merely tests the sufficiency of the complaint; it does not decide the merits of the case."  Wein v. American Huts, Inc., 313 F. Supp. 2d 1356, 1359 (S.D. Fla. 2004) (citing Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984)).  "Regardless of the alleged facts, however, a court may dismiss a complaint on

8

a dispositive issue of law." <u>Bernard v. Calejo</u>, 17 F. Supp. 2d 1311, 1314 (S.D. Fla. 1998); <u>see also</u> <u>Cody v. Palmyra Park Hosp. Inc.</u>, 2010 WL 3862869, at *1 (11th Cir. October 5, 2010) (per curiam) (citing <u>Glover v. Liggett Group, Inc.</u>, 459 F.3d 1304, 1308 (11th Cir. 2006)); <u>Jones v. United Parcel Serv., Inc.</u>, 2008 WL 282311, at *4 (N.D. Ga. January 31, 2008) (it is well-settled that "[d]ismissal of a complaint is appropriate 'when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action'") (quoting <u>Marshall County Bd. of Educ. v. Marshall County Gas Dist.</u>, 992 F.2d 1171, 1174 (11th Cir. 1993)).

The law establishes that "[a] document filed *pro se* is 'to be liberally construed' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]'" <u>Erickson</u>, 127 S. Ct. at 2200 (citations omitted).  Nevertheless, nothing in that leniency excuses a plaintiff from compliance with threshold requirements of the Federal Rules of Civil Procedure. "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." <u>Grigsby v. Thomas</u>, 506 F. Supp. 2d 26, 28 (D. D.C. 2007).

The court will apply these standards in ruling on Defendants' motion to dismiss the complaint.

(Rev.8/82)

## III.   Discussion

Defendants argue that the complaint should be dismissed because it fails to satisfy the pleading requirements in Fed. R. Civ. P. 8 and fails to state a claim for which relief can be granted.  [See Doc. 4 at 7-10; Doc. 9, ¶¶ 9-10].[1]  Except for minor factual allegations, the complaint is virtually identical to the complaint used by Plaintiff in Hennington v. Aurora Loan Servs., LLC, 1:10-CV-0919-WSD) (a "Complaint by way of Affidavit/Title 42 Section 1983 Lawsuit Pursuant to Public Law at 42 13-15 for Wrongful Foreclosure Action & Sale Due to Fraud").[2]

### A.   Late-filed Response

Plaintiff has filed a motion [Doc. 6] for an extension of time to file a late response to the motion to dismiss but, without waiting for the court to rule on that motion, has filed a response [Doc. 11].  The burden is on the party seeking an

---

[1]Defendants also argue that Plaintiff has not shown that the court has personal jurisdiction over Defendants. [Doc. 4 at 11-12].  Because the court finds that the complaint fails to state a claim for relief and is subject to dismissal pursuant to Rule 12(b)(6), the court will not discuss whether it would have personal jurisdiction over Defendants if Plaintiff stated a claim for relief.

[2]In Hennington v. Aurora Loan Servs., 1:10-CV-0919, which involved the same property as in Hennington v. Lehman Bros. Bank, FSB, 1:09-CV-0566-WSD, the District Court ruled that Hennington's claims were barred by res judicata. This action involves a different piece of property and does not present a res judicata issue.

AO 72A
(Rev.8/82)

extension of time to make an affirmative showing of excusable neglect which requires a showing both of good faith by the moving party and a reasonable basis for not having made the filing within the time period.  <u>Clinkscales v. Chevron U.S.A., Inc.</u>, 831 F.2d 1565, 1568-69 (11th Cir. 1987); Fed. R. Civ. P. 6(b).[3]  The motion to dismiss was filed on May 26, 2010, and Plaintiff's response was due fourteen days after service of the motion, which, allowing three days for service by mail, means that the response was due by June 14.  <u>See</u> L.R. 7.1(B), N.D. Ga.; Fed. R. Civ. P. 6(d).  Plaintiff Hennington's statement, in his July 1, 2010, motion [Doc. 6] for an extension of time, that "the answer was due on July 1, 2010," does not constitute a good faith excuse for failing to file a timely response to the motion to dismiss.  The motion [Doc. 6] for extension of time to respond to the motion to dismiss the complaint is therefore

---

[3]Rule 6(b) provides in pertinent part:

Extending Time.
(1)     In General. When an act may or must be done within a specified
        time, the court may, for good cause, extend the time:
        . . .
        (B)     on motion made after the time has expired if the party failed
                to act because of excusable neglect.

Fed. R. Civ. P. 6(b)(1)(B) (as amended December 1, 2009).

**DENIED** and the Clerk is **DIRECTED** to strike the response [Doc. 11] from the record.[4]

### B.     Original Complaint

As stated earlier, the introduction to the complaint identifies "JPMorgan Chase Bank, N.A.," as the defendant although that entity is not named as a Defendant in the caption of the case and apparently has no interest in the underlying loan.  Defendants argue that Plaintiff's including "JPMorgan Chase Bank, N.A.," a non-party, in the introduction to the complaint is an indication "that the Complaint was largely cut and pasted from some other lawsuit with little effort to tailor the Complaint to any legitimate case or controversy between Plaintiff and Defendants."   [Doc. 4 at 5].  Indeed, the complaint, which as stated earlier Plaintiff has used in another action, is a variation of the complaint in Clausell v. Wells Fargo Bank, N.A., Civil Action No. 1:10-CV-1124-TCB, N.D. Ga., and just one of many form complaints being

---

[4]Defendants' motion to strike the response, which was part of their reply [Doc. 14] is therefore moot.  Even if the response had been timely-filed, it argues only that this action should not be dismissed because discovery is required and, thus, does not address the merits and would not affect the outcome of the pending motion to dismiss the complaint.

12

downloaded from the internet by distressed homeowners attempting to find relief in Federal Court.[5]

### 1.    *Moynihan and Noski*

Plaintiff alleges that he sent Defendant Bank of America a FOIA request for the Directors Oaths registered with the Comptroller of the Currency for CEO and President Moynihan and CFO Noski.  [Doc. 1 ¶ 7].  Moynihan and Noski are not named any where else in the complaint.  There is only a general allegation that "Presidents or Vice Presidents of Bank of America . . . participated in . . . fraud through their endorsement on the assignment."  [Id. at ¶ 15].  Nothing in the complaint indicates directly or

---

[5]Many of the general allegations in the complaint are conclusory legal allegations that are patently frivolous.  For example, Plaintiff's allegation that "[t]here is no record that the bank ever made a legitimate loan" [Doc. 1, ¶¶ 9, 14(i)] is frivolous as a matter of law.  See, e.g., Mother: Vertis-Mae v. Argent Mortg. Co., LLC, 2008 WL 1995363, at *3 (N.D. Ga. May 5, 2008) (dismissing complaint based on unlawful money theory); Givens v. Citibank, N.A., 2010 WL 2306412, at **3-4 (E.D. Va. June 3, 2010) (rejecting "paper asset with no real value" and fraud in factum allegations).  And Plaintiff's allegation that Defendants violated the National Banking Act, 12 U.S.C. §§ 21-43, because banks are precluded from entering into loans secured by real estate with periods longer than five years making a note for a 30 year mortgage fraudulent "by operation of law" [Doc. 1, ¶ 14] is frivolous.  The NBA provides that a national banking association cannot possess any real estate in its *own* name under a mortgage for more than five years except under certain conditions, see 12 U.S.C. § 29, but it does not prevent a banking association from making a loan to another person or entity and obtaining a mortgage or security interest of more than five years to secure the loan.  See Givens, 2010 WL 2306412, at *3 (rejecting allegations of National Bank Act violations).

13

indirectly that there was an "assignment" of the loan, and, as discussed <u>infra</u>, the complaint fails to state a claim for fraud or mail fraud.  The District Judge has previously held that similar conclusory legal claims without any supporting factual allegations failed to state a claim for relief against a bank's officers.  [See <u>Hennington v. Aurora Loan Servs.</u>, LLC, 1:10-CV-0919-WSD, Doc. 11 at 5 (dismissing the individual defendants)].  The court therefore **RECOMMENDS** that Defendants Moynihan and Noski be **DISMISSED** from this action.

### 2.    Federal Claims

### RESPA and Section 1983

Count I in the complaint seeks damages based on Defendants' alleged violation of RESPA disclosure requirements.  [Doc. 1 at 10 ("failure to provide original front and back copies of signed disclosures which appear (sic) to violate 12 U.S.C. [§] 2601 et seq.")].  RESPA provides a private right of action only for violation of the disclosure requirements in 12 U.S.C. §§ 2605, 2607, and 2608.[6]  An action for damages under one

---

[6]Section 2605 provides for disclosures and notices relating to the assignment, sale or transfer of loan servicing.  Section 2607 prohibits kickbacks and unearned fees.  And Section 2608 prohibits the seller of "property that will be purchased with the assistance of a federally related mortgage loan" from requiring "directly or indirectly, as a condition to selling the property, that title insurance covering the property be purchased by the buyer from any particular title company."  <u>See</u> 12 U.S.C. §§ 2605, 2607, 2608.

14

of those sections must be brought "within 1 year . . . from the date of the occurrence of the violation."  12 U.S.C. § 2614.[7]  The violation occurs, and the one year begins to run, when the loan closing documents are executed.  See Bradford v. WR Starkety Mortg., LLP, 2008 WL 4501957 (N.D. Ga. February 22, 2008) (citing Snow v. First American Title Ins. Co., 332 F.3d 356, 359 (5th Cir. 2003)); Meyers v. ABN Amro Mortg. Group, Inc., 2005 WL 2396991, at *2 (E.D. Mich. September 28, 2005).

The mortgage loan at issue was executed in November 2007; therefore, any RESPA claim had to be brought before the end of November 2008.  The only charges that Plaintiff brought prior to that date were for "rights under the Fair Debt Collection Practices Act . . . the Uniform Commercial Code [and] State Commercial Code, Contract Law and the Fair Credit Billing Act."  [See Doc. 1, Exh. C].  The complaint does not allege that Plaintiff made a RESPA claim prior to the end of November 2008. "Tolling is appropriate if [P]laintiff can demonstrate that [D]efendant concealed its wrongdoing and that, despite his diligence, [P]laintiff could not timely discover the facts that form the basis of his claim."  Bradford, 2008 WL 4501957, at *3 (citation omitted).  However, there are no allegations in the complaint to support equitable

---

[7]Only actions brought by the Secretary, the Attorney General of any State, or the insurance commissioner of any State may be brought within three years from the date of the occurrence of the violation.  See 12 U.S.C. § 2614.

tolling of the one year filing period.  Any RESPA claim is time-barred, and the court

accordingly **RECOMMENDS** that the RESPA claim(s) in Count I be **DISMISSSED**

**WITH PREJUDICE** and that any claim in Count VI or Count VII for injunctive relief

or sanctions under RESPA[8] be **DISMISSED WITH PREJUDICE**.

Count I also makes a passing allegation of "neglect or disregard for 42 U.S.C.

§ 1983."[9]  Section 1983 is "not itself a source of substantive rights, but a method for

vindicating federal rights elsewhere conferred . . . ," <u>Baker v. McCollan</u>, 99 S. Ct.

2689, 2694 n.3 (1979), where the actor was a "person' . . .  acting 'under color of'

some state law, custom, or practice," <u>Greffey v. State of Alabama Dept. of Corr.</u>, 996

F. Supp. 1368, 1377 (N.D. Ala. 1998).  Private banks (and their executives) are not

---

[8]Injunctive relief and sanctions are not even available under RESPA as a matter of law.  <u>See</u> <u>Wilson v. Saxon Mortg. Servs., Inc., et al.</u>, No. 1:08-CV-3630-CAP, Doc. 4 (N.D. Ga. Dec. 1, 2008) (finding, "after a review of both the governing and persuasive case law, [that the court] does not have authority to issue injunctive relief under . . . RESPA"); <u>Pelayo v. Home Capital Funding</u>, 2009 WL 1459419, at *9 (S.D. Cal. May 22, 2009) (a plaintiff may not recover punitive damages under RESPA) (citing 12 U.S.C. § 2605(f)); <u>Sarsfield v. Citimortgage, Inc.</u>, 667 F. Supp. 2d 461, 470 (M.D. Pa. 2009) ("A review of RESPA reveals that punitive damages are not authorized by the statute.").

[9]Section 1983 provides, in pertinent part:  "Every person who, *under color of any statute . . . of any State* . . . subjects . . . any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in any action at law. . . ."  42 U.S.C. § 1983 (emphasis added).

AO 72A
(Rev.8/82)

"state actors."  See Morast v. Lance, 807 F.2d 926, 931 (11th Cir. 1987) (nationally

chartered bank did not act under color of federal law); Givens, 2010 WL 2306412, at

*3 (no nexus between state and alleged fraudulent action by bank); Bailey v.

Harleysville Nat. Bank & Trust Co., 2005 WL 2012024, at *4 (E.D. Pa. August 22,

2005) (citing, e.g., Andrews v. Federal Home Loan Bank of Atlanta, 998 F.2d 214, 216

(4th Cir. 1993) (federal home loan bank, though regulated by the federal government,

is not state actor); Rogers v. Bucks County Domestic Relations Section, 773 F. Supp.

768, 775 n.4 (E.D. Pa. 1991), aff'd, 959 F.2d 1268, 1271 n.4 (3d Cir. 1992) (bank was

not a state actor for purposes of  42 U.S.C. § 1983)).   Therefore, the court

**RECOMMENDS** that the § 1983 claim in Count I of the complaint be **DISMISSED**

**WITH PREJUDICE**.

FDCPA

Count X of the complaint alleges that Plaintiff is entitled to damages based on

"false billing without debt validation pursuant to [the FDCPA,] 15 U.S.C. § 1692."

[Doc. 1, ¶ 27].  "Under the FDCPA, if a consumer notifies a debt collector in writing

that a debt is disputed, the collector must cease collection of that debt until the debt

collector verifies the debt and mails a copy of the verification to the consumer."

Warren v. Countrywide Home Loans, Inc., 342 Fed. Appx. 458, 460 (11th Cir 2009)

17

(citing 15 U.S.C. § 1692g(b)).  "The FDCPA defines a debt collector as 'any person . . . who regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due another.'"  Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir.) (quoting 15 U.S.C. § 1692a(6)), modified on other grounds, 761 F.2d 237 (5th Cir. 1985); Monroe v. Citimortgage, Inc., 2007 WL 1560194, at *2 (M.D. Fla. May 29, 2007) (same).  However, the term "debt collector" under the FDCPA does not include:

> "[A]ny person collecting or attempting to collect any debt owed or due or asserted to be owed or due to another to the extent such activity . . . (ii) concerns a debt which originated by such person [or] (iii) concerns a debt which was not in default at the time it was obtained by such person."

Perry, 756 F.2d at 1208 (quoting 15 U.S.C. § 1692a(6)).[10]  "The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned."  Id. (citations omitted).

Plaintiff's complaint fails to allege that Defendant was acting as a debt collector. Neither party has provided much of anything in the way of factual allegations concerning the underlying loan.  From the lack of factual allegations, the court infers that Defendant Bank of America originated the mortgage loan at issue and that the loan

---

[10]The section of the statute cited is found at 15 U.S.C. § 1692a(6)(F).

18

was for the purchase of Plaintiff's house.  Defendant is, thus, Plaintiff's creditor (or

loan servicer) on a residential first mortgage loan and is not a debt collector as defined

by the FDCPA.  Therefore, Plaintiff Hennington cannot state a claim for relief under

the FDCPA as a matter of law.[11]  The court accordingly **RECOMMENDS** that the

FDCPA claim(s) in Count X of the complaint be **DISMISSED WITH PREJUDICE**

and that any claims for injunctive relief or sanctions based on the FDCPA in Counts

VI and VII of the complaint be **DISMISSED WITH PREJUDICE.**[12]

---

[11]Even if Defendant is arguendo a debt collector, Plaintiff cannot state an FDCPA claim based on Defendant's foreclosure actions.  See Warren, 342 Fed. Appx. at 460 ("the plain language of the FDCPA supports the . . . conclusion that foreclosing on a security interest is not debt collection activity for purposes of § 1692g"); and see Moore v. Commonwealth Trustees, LLC, 2010 WL 4272984, at **3-4 (E.D. Va. October 25, 2010) ("Other decisions support the conclusion that foreclosing on property is not debt collection activity."); Cowan v. MTGLQ Investors, L.P., 2010 WL 3701779, at *4 (M.D. Fla. September 14, 2010); Watson v. Wells Fargo Bank, N.A., 2010 WL 925 925166, at *4 (N.D. Ga. March 9, 2010).

[12]Furthermore, the relief sought by Defendant is not available under the FDCPA.  See Sibley v. Fulton DeKalb Collection Serv., 677 F.2d 830, 834 (11th Cir. 1982) ("[E]quitable relief is not available to an individual under the civil liability section of the [FDCPA].");  Weiss v. Regal Collections, 385 F.3d 337, 341 (3d Cir. 2004 ("Most courts have found equitable relief unavailable under the [FDCPA.]").  And, while the court has discretion to award sanctions (i.e., punitive damages) under the FDCPA, see Thomas v. Pierce, Hamilton, and Stern, Inc., 967 F. Supp. 507, 509 (N.D. Ga. 1997), Plaintiff is not entitled to such damages because the complaint fails to state a claim for relief.

19

**Fraud and Mail Fraud**

The complaint includes a claim based on "Fraud by omissions and deceit . . .

through [Defendants'] trading activities of the security instruments" (Count III) and

a claim for mail fraud (Count X).  "A plaintiff must show five elements to establish the

tort of fraud: 'a false representation by a defendant, scienter, intention to induce

plaintiff to act or refrain from acting, justifiable reliance by plaintiff, and damage to

plaintiff.'"  APA Excelsior III, L.P. v. Windley, 329 F. Supp. 2d 1328, 1355 (N.D. Ga.

2004) (quoting Stiefel v. Schick, 260 Ga. 638, 639, 398 S. E. 2d 194, 195 (1990)).[13]

And see Peel v. R. J. Reynolds Tobacco Co., 2000 WL 35547520, at *2 (N.D. Ga.

January 6, 2000) (finding that Plaintiff failed to allege the "who, what, where and

when" required for state fraud claims which are governed by Rule 9(b)).  To the extent

that Plaintiff alleges a state tort of fraud or a federal claim for mail fraud, he fails to

plead the five elements of fraud with the specificity required under Georgia law and

Rule 9 of the Federal Rules of Civil Procedure.

---

[13]Any damage, as in expense, sustained as a result of pursuing this legal action
was a result of plaintiff's own decision and not proximately caused by any action of
the bank.  See Newkirk v. United Federal Sav. & Loan Ass'n, 165 Ga. App. 311, 312,
299 S. E. 2d 183, 184 (1983).

20

In addition, Plaintiff's mail fraud claim also fails because Plaintiff cannot state such a claim for mail fraud as a matter of law.  The statutes regarding crimes like mail fraud pertain to criminal proceedings, and "a private cause of action is not authorized." Joynes v. Meconi, 2006 WL 2819762 , at *10 (D. Del. September 30, 2006); see also McCarley v. KPMG Intern'l , 293 Fed. Appx. 719, 723 (11th Cir. 2008) (denying request that the court order the initiation of criminal charges against defendants because request was not properly before the court) (citing Linda R.S. v. Richard D., 93 S. Ct. 1146, 1149 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); Connell v. Regions Bank, 2007 WL 1877677, at *2 (N.D. Fla. June 27, 2007) (finding that the plaintiff could not bring a civil action for violations of federal criminal statutes, especially as none of the cited statutes – for bank fraud, misapplication of bank funds, and false entries in bank records – create a private right of action); Bradford v. McClellan, 1997 WL 882907, at *5 (W.D. N.C. November 18, 1997) (finding that the criminal statutes upon which the plaintiff was seeking relief, which included mail fraud, "expressly provide for criminal penalties, and no private cause of action exists under them")).

AO 72A
(Rev.8/82)

For these reasons, the court **RECOMMENDS** that the fraud claim in Count III be **DISMISSED WITHOUT PREJUDICE** and that the mail fraud claim in Count X be **DISMISSED WITH PREJUDICE**.

### FCBA and TILA

Count X of the complaint also includes a claim for "FCBA" violations. Plaintiff mentions the FCBA only once in the complaint and once in the July 10, 2008, Notice [Doc. 1, Exh. C] which Plaintiff sent to Defendant. The complaint does not identify the statutory or factual basis for such a claim. The Fair Credit Billing Act ("FCBA"), 15 U.S.C. § 1666, et seq., which is a part of the larger Truth in Lending Act, see McSherry v. Capital One FSB, 236 F.R.D. 516, 522 (W.D. Wash. 2006), is not applicable to the mortgage loan at issue here. The "definition of 'creditor' as used in [the FCBA] only applies to creditors offering open end credit plans," such as a credit card. Roybal v. Equifax, 405 F. Supp. 2d 1177, 1180 (E.D. Cal. 2005); see also Gray v. American Exp. Co., 743 F.2d 10, 13 (D.C. Cir. 1984) (same). Plaintiff has not alleged, and to the court's knowledge cannot allege, that the underlying mortgage loan was an open end credit plan. The court therefore **RECOMMENDS** that the FCBA claim in Count X of the complaint be **DISMISSED WITH PREJUDICE.**

AO 72A
(Rev.8/82)

Count II of the complaint alleges that "[b]y virtue of *refusal of TILA rescission* demands, [Plaintiff] seeks full reconveyance of the title and cancellation or annulment of the security instrument and promissory note . . . ."  [Doc. 1 at 11 (emphasis added); Doc. 1, Exh. E, Notice of Fraud and Breach of Oath to Follow the National Bank Act, listing a "Violation of Truth in Lending Regulation Z"].[14]  Under TILA, rescission is not available for residential mortgage transactions where the security interest is "created or retained to finance the *acquisition or initial construction*" of a consumer's dwelling.  15 U.S.C. §§ 1602(w) & 1635(e)(1) (emphasis added).  <u>See</u> <u>Williams v. Homestake Mortg. Co.</u>, 968 F.2d 1137, 1139 n.5 (11th Cir. 1992) (rescission "applies to those transactions in which the creditor retains a security interest, other than a first mortgage, on the consumer's principal residence"); <u>Landayan v. Washington Mutual Bank</u>, 2009 WL 3047238, at *2 (N.D. Cal. September 18, 2009) (plaintiff cannot seek rescission under TILA when loan was used to finance the acquisition of the plaintiff's primary dwelling); <u>Crittenden v. HomeQ Servicing</u>, 2009 WL 3162247, at *4 (E.D. Cal. September 29, 2009) (same) (citations omitted); <u>Perkins v. Central Mortg. Co.</u>,

---

[14]By its plain wording, the complaint does not state a claim for relief based on failure to respond to a rescission demand.  <u>Compare</u> <u>Frazile v. EMC Mortg. Corp.</u>, 2010 WL 2331429, at **3-4 (11th Cir. June 11, 2010) (per curiam); <u>Clausell v. Wells Fargo</u>, Civil Action No. 1:10-CV-1124-TCB, N.D. Ga., Report and Recommendation, Doc. 14 at 33, and Order, Doc. 16 at 2.

23

422 F. Supp. 2d 487, 488-89 (E.D. Pa. 2006) (same).  Cf. Handy v. Anchor Mortg. Corp., 464 F.3d 760, 762 (7th Cir. 2006) (right of rescission applies to new loan refinancing or consolidating an extension of credit already secured by the consumer's principal dwelling); Thompson v. Irwin Home Equity Corp., 300 F.3d 88, 89 (1st Cir. 2002) (same).  The complaint and exhibits of record do not indicate, directly or indirectly, that the mortgage loan at issue was a refinance or consolidation loan rather than a first mortgage loan for the acquisition of his principal residence.  Therefore, the complaint does not state a claim for rescission under TILA.

Even if the underlying loan is arguendo not a first mortgage loan, Plaintiff Hennington has not made the necessary allegations to exercise a right to rescission. A party seeking rescission must "'disgorge the fruits of the bargain'" in order to ultimately enjoy the benefits of rescission.  Jones v. Saxon Mortg. Inc., 537 F.3d 320, 326 (4th Cir. 1998) (quoting Woodling v. Garrett Corp., 813 F.2d 543, 561 (2d Cir. 1987)); and see Moore v. Wells Fargo Bank, N.A., 597 F. Supp. 2d 612, 616 (E.D. Va. 2009) (to survive a motion to dismiss a claim for rescission, a complaint must at a minimum sufficiently allege that the plaintiff can and will tender the loan proceeds); Rendon v. Countrywide Home Loans, Inc., 2009 WL 3126400, at *6 (E.D. Cal. September 4, 2009) ("[S]ilence on [the borrower's] tender of the rescission balance is

24

construed as [a] concession of inability to do so."). Where the property has already been sold at foreclosure, to state a claim for rescission-type relief, a complaint must allege that the sale of the property more than satisfied the borrower's obligation such that the lender owes moneys back to the borrower. See Clemmer v. Liberty Financial Planning, Inc., 467 F. Supp. 272, 276 (W.D. N.C. 1979). The complaint does not allege that Plaintiff's loan obligations were more than satisfied by the foreclosure sale.

Based on the above reasons and authority, the court **RECOMMENDS** that the TILA rescission claim in Count II be **DISMISSED WITH PREJUDICE** and that any claim for injunctive relief or sanctions in Counts VI and VII based on TILA be **DISMISSED WITH PREJUDICE**.[15]

---

[15]Furthermore, injunctive relief is not available under TILA. See Christ v. Beneficial Corp., 547 F.3d 1292, 1298 (11th Cir. 2008) ("[W]e do not read TILA to confer upon private litigants an implied right to an injunction or other equitable relief such as restitution or disgorgement."); Wilson, No. 1:08-CV-3630-CAP, N.D. Ga., Dec. 1, 2008, Order, Doc. 4 (finding, "after a review of both the governing and persuasive case law, [that the court] does not have authority to issue injunctive relief under TILA . . . ."). And TILA does not provide for punitive damages. See Bowen v. First Family Financial. Servs., Inc., 233 F.3d 1331, 1335 (11th Cir. 2000); Pelayo, 2009 WL 1459419, at *9 (citing 15 U.S.C. § 1640(a)).

AO 72A
(Rev.8/82)

### 3.     State law claims

The complaint includes state law claims in addition to the state law tort claim for fraud in Count III.  [See Counts I, II, IV, VIII, and IX].[16]  Plaintiff's state law claims are based entirely on conclusory legal allegations without supporting facts.  The court **RECOMMENDS** that the state law claims in Counts I, II, IV, VIII, and IX be **DISMISSED** based on Plaintiff's failure to comply with the notice pleading rules under the Federal Rules of Civil Procedure and pursuant to Rule 12(b)(6) for failure to state a claim for relief, **WITHOUT PREJUDICE** to Plaintiff's right, if any, to bring such claims in state court.

### 4.     Costs and Fees

Count V is a claim for "litigation fees" and costs.  [Doc. 1, ¶ 22].  Plaintiff Hennington is proceeding pro se; therefore, there are no attorney's fees to be

---

[16]Count I, based on RESPA and Section 1983, includes allegations that Defendants violated "O.C.G.A. §§ 51-1-1, 51-16 and 51-12-30."  [Doc. 1, ¶ 18]. Count II, based on TILA, includes a claim for relief based on Georgia's "equity code," O.C.G.A. § 23-2-31.  [Id., ¶ 19] ].  Count III contains state law claims for fraud and unjust enrichment.  [Id., ¶ 20].  Count IV seeks set-off and recoupment under Georgia UCC § 3-305.  [Id., ¶ 21].  Count VIII is a claim "[t]o remove the license of those practicing law and to fine the principals, or assigns and bar them from future banking activities for their breach of obligations under the laws" without citing the basis for such relief.  [Id., ¶ 25].  And Count IX is a state law claim for damages based on emotional stress.  [Id., ¶ 26].

26

reimbursed.  As discussed above, the complaint fails to state a claim for relief on any ground.  Therefore, the court **RECOMMENDS** that Count V be **DISMISSED WITH PREJUDICE**.

### C.       Motion to Amend Complaint/Repleader

Plaintiff Hennington has filed a motion to amend the complaint to add a claim for "[f]ailing to answer freedom of information request as well as failing to answer to challenge of debt pursuant to Fair debt collection act (sic)."  [Doc. 7 at 2].  Two causes of action are included in one paragraph and they consist of conclusory legal allegations without any factual support.  The motion to amend the complaint was filed after Defendants filed the pending motion to dismiss the complaint.  Plaintiff was, therefore, on notice that the complaint failed to comply with the notice pleading requirements under the Federal Rules of Civil Procedure and suffered from other defects, but Plaintiff's motion to amend complaint does not attempt to correct the deficiencies in the original complaint and repeats those deficiencies in the new claims which Plaintiff seeks to add.

In addition, as discussed earlier, Defendant Bank of America was not acting as a "debt collector" as defined in the FDCPA.  Therefore, Plaintiff cannot state a claim

27

AO 72A
(Rev.8/82)

for relief based on Defendants' alleged "failing to answer to challenge to debt pursuant to the Act."

And the amended complaint fails to state a claim for relief under the Freedom of Information Act ("FOIA"). [Doc. 7 at 2 ("[f]ailing to answer freedom of information request")]. The FOIA applies to government agencies. <u>See</u> 5 U.S.C. § 551(1) ("each authority of the Government of the United States"). "Congress prefaced the 1996 FOIA amendments with a statement of Findings and Purposes" including the statement that "'the purpose of [FOIA] . . . is to require agencies of the Federal Government to make certain agency information available for public inspection and copying and to establish and enable enforcement of the right of any person to obtain access to the records of such agencies, subject to statutory exemptions, for any public or private purpose[.]'" <u>TPS, Inc. v. U.S. Dept. of Defense</u>, 330 F.3d 1191, 1195 (9th Cir. 2003) (citing Pub. L. No. 104-231 at *2 (Electronic Freedom of Information Act Amendments of 1996)). Defendant, a financial institution, is not a federal government agency. Therefore, Plaintiff cannot state a FOIA claim against Defendants as a matter of law.

AO 72A
(Rev.8/82)

Defendants' motion to dismiss includes, in the alternative, a motion for more definite statement pursuant to Rule 12(e).[17]  The court does not recommend ordering repleader under Rule 12(e) given the circumstances of this case.  One of the reasons for requiring a plaintiff to file a repleader is to ensure compliance with Fed. R. Civ. P. 8 and 10.  As stated earlier, Plaintiff has already attempted to amend (i.e., replead) the complaint and has made no effort to comply with Federal notice pleading rules. And repleader of the federal claims asserted in the complaint would be futile.  The court therefore **RECOMMENDS** that the motion [Doc. 7] to amend the complaint be **DENIED** and that repleader not be ordered.[18]

---

[17]Rule 12(e) states in pertinent part:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.

Fed. R. Civ. P. 12 (e) (as amended 2009).  And see Bailey v. Janssen Pharmaceutica, Inc., 288 Fed. Appx. 597, 603 (11th Cir. 2008) ("When faced with a shotgun complaint, we have encouraged defendants to make motions for more definite statements or courts to demand repleader – and not, as the case were, to dismiss a complaint with prejudice."); McWhorter v. Miller, Einhouse, Rymer & Boyd, Inc., 2009 WL 92846, at *2 (M.D. Fla. January 14, 2009)(same).

[18]Defendants' motion for more definite statement pursuant to Rule 12(e) is therefore moot.

## IV.   Conclusion

Based on the above reasons and authority, the court **DENIES** Plaintiff's motion [Doc. 6] for an extended time to file a response to the motion to dismiss and the Clerk of Court is **DIRECTED** to strike the response [Doc. 11] from the record.  The court **RECOMMENDS** that Plaintiff's motion [Doc. 7] to amend the complaint be **DENIED,** that Defendants Moynihan and Noski be **DISMISSED** from this action, and that the motion [Doc. 4] to dismiss the complaint be **GRANTED** and the claims in Count I (RESPA and Section 1983), Count II (TILA), Count V (for fees and costs), Counts VI and VII (for injunctive relief and sanctions), and Count X (FDCPA, FCBA and mail fraud) be **DISMISSED WITH PREJUDICE** and that the state law claims in Counts I , II, III,, IV, VIII, and IX be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's right, if any, to assert such claims in state court.

The Clerk is **DIRECTED** to terminate this reference.

**SO ORDERED AND RECOMMENDED** this 21st day of December, 2010.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

30