IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ELLIOTT HENNINGTON,

                Plaintiff,

v.                                     1:10-cv-1350-WSD

BANK OF AMERICA,
BRAIN MOYNIHAN, and
CHARLES NOSKI,

                Defendant.

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Janet F. King's Final Report and Recommendation ("R&R") [16]. The R&R considers: Defendants Bank of America National Association's, Brain (sic) Moynihan's, and Charles Noski's (collectively "Defendants") Motion to Dismiss the Complaint ("motion to dismiss") [4]; Plaintiff Elliott Hennington's ("Plaintiff") Motion for an Extension of Time to Respond to Defendants' Motion to Dismiss ("motion for an extension of time")[6]; Plaintiff's Motion to Amend the Complaint [7]; and Defendants' responses to both motions [9, 10]. The R&R also considers Plaintiff's Response to Defendants' Motion to Dismiss [11], to which Defendants have filed their response and Motion to Strike Plaintiff's Response [14]. The Magistrate Judge

recommended that Defendants Moynihan and Noski be dismissed from this action, and that the complaint be dismissed.  The Magistrate Judge recommended that the claims in Counts I, II, V, VI and VI be dismissed with prejudice, and the state law claims in Counts I, II, III, IV and IX be dismissed without prejudice. The Magistrate Judge also recommended that Plaintiff's Motion for an Extension of Time and Motion to Amend the Complaint both be denied.  Neither party has filed an objection to the R&R.

## I.     BACKGROUND

In November 2007, Plaintiff obtained a mortgage loan in the amount of $336,800.00 from Defendant Bank of America.  On February 3, 2009, Plaintiff states that Defendants foreclosed on the property that secured the mortgage loan. On or about June 5, 2009, Plaintiff received a Notice of Foreclosure Sale.

On May 5, 2010, Plaintiff filed his Complaint against Defendants Bank of America N.A. ("Bank of America"), its Chief Executive Officer Brian (improperly named as "Brain") Moynihan ("Moynihan"), and its Executive Vice President and Chief Financial Officer Charles Noski ("Noski") (collectively, "Defendants").[1] Plaintiff alleges that the mortgage loan "became voidable when the Defendant

---

[1] The introduction states that this action is "against JPMorgan Chase Bank N.A., 'defendant,' the assumed/alleged Trustee."  Compl. at 2.  However, JPMorgan Chase Bank N.A. is not named as a defendant, nor mentioned again anywhere within the Complaint.

participated in fraudulent and illegal activity," and Moynihan and Noski "violated their duty as officers sworn statutorily to act within the parameters of the…National Bank Act and other applicable statutes."  Compl. at 3.  Plaintiff further alleges that Bank of America proceeded with a "Wrongful Foreclosure Action and Sale Due to Fraud" because Plaintiff had previously "requested Validation of Debt plus required the Original Note,"[2] which Defendants failed to produce.  Id. at 4-5.

Plaintiff alleges the following as his "Cause of Action": that "there is no record that the bank ever made a legitimate loan," that "the note has been converted into a bond without agreement or authorization from Plaintiff . . . constitut[ing] acts of embezzlement," and that the bank "provided no consideration in this contract … and therefore committed fraud in the factum."  Id. at 6-7.  Plaintiff also alleges "fraud that induced the obligor to sign the instrument with neither knowledge nor reasonable opportunity to learn of its character or its

---

[2] Plaintiff states that, on July 10, 2008 and April 27, 2010, he sent an "Official Dispute of Debt Affidavit, and Notice of Validation of Debt with Offer to Cure by Discharge with Interrogatories pursuant to Fair Debt Collections Practice Act" to Bank of America.  Compl. at 4.  Plaintiff also sent Bank of America "an affidavit of Constructive Notice of Fraud, and FOIA request for the Directors Oaths registered with Comptroller of the Currency [for Defendants Moynihan and Noski] . . . with interrogatives and deposition . . . [and] an Affidavit & Notice of Cancellation/Discharge of Note and all Contracts due to Violation of Governing Law of Instruments."  Id. at 5.  As of May 5, 2010, Plaintiff states that Bank of America has not complied with any of these requests.  Id.

3

essential terms." Id. at 7-8.  Plaintiff contends that, under the National Banking Act ("NBA"), banks cannot loan the capital stock of their directors, nor . . . the money of their depositors." Id. at 8.  Plaintiff also alleges that banks "cannot enter into mortgage agreements for real estate beyond a 5 year period," and therefore, the mortgage at issue is "by operation of law . . . fraudulent." Id. at 9.  As to Defendants Moynihan and Noski, Plaintiff alleges that, because they took an oath to follow the NBA, they "participated in this fraud through their endorsement on the assignment." Id.

In his "Claims for Damages," Plaintiff asserts the following:  In Count I, Plaintiff asserts damages based on Defendants' alleged failure to produce requested documents under the Real Estate Settlement procedures Act ("RESPA"), 12 U.S.C. § 2601, et seq., "abuses, falsification of record and neglect or disregard for 42 U.S.C. [§] 1983 violations," and violations of O.C.G.A. [§§] 51-1-1, 51-16 and 51-12-30.  Id. at 10-11.  In Count II, a claim under the Truth in Lending Act, ("TILA"), 15 U.S.C. § 1601, et seq., Plaintiff claims he is entitled to relief pursuant to Georgia's "equity code," O.C.G.A. § 23-2-31, for "full reconveyance of the title and cancellation or annulment of the security instrument and promissory note," return of all fees paid, and an award of punitive damages "by virtue of refusal of TILA rescission demands."  Id.  Count III is based on state law claims for fraud

and unjust enrichment.  Id.  Count IV is a claim for set-off and recoupment under Georgia UCC § 3-305.  Id. at 12.  Count V is a claim for attorneys' fees and litigation costs.  Id.  In Counts VI and VII, Plaintiff seeks sanctions and injunctive relief, but fails to cite any basis for such relief.  Id.  In Count VIII, Plaintiff seeks "to remove the license of those practicing law and to fine the principals, or assigns and bar them from future banking activities for their breach of obligations under the laws," but again fails to cite the basis for such relief.  Id. at 13.  Count IX is a claim based on state law for damages arising from emotional stress and grief.  Id. Count X is a claim for damages based on "false billing without debt validation" pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, for unspecified violations of the Fair Credit Billing Act ("FCBA"), 15 U.S.C. § 1666, et seq., and "mail fraud."  Id.

Plaintiff seeks, inter alia: injunctive relief to stay all collection activities, foreclosure actions and sales; $150,000 for tort damages; and rescission of "the loans, mortgage contracts and all security liens . . . with full reconveyance and return of all payments, fees and interests."  Id., 13-15.

On May 26, 2010, Defendants filed their pending Motion to Dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6), and failure to provide

5

a short, plain statement of the claim pursuant to Rule 8.  In the alternative, Defendants filed their Motion for a More Definite Statement pursuant to Rule 12(e).  On July 1, 2010, Plaintiff filed his Motion for Extension of Time to Respond to Defendants' Motion to Dismiss ("Motion for Extension of Time"), to which Defendants filed their motion in opposition.  On July 1, 2010, Plaintiff also filed his Motion to Amend the Complaint to add a claim for "[f]ailing to answer freedom of information request as well as failing to answer to challenge to debt pursuant Fair debt collection act (sic)."  Mot. to Amend at 2.  On July 9, 2010 Defendants filed their opposition to Plaintiff's Motion to Amend.  On July 20, 2010, prior to the Magistrate Judge's ruling on his Motion for an Extension of Time, Plaintiff filed his Response to Defendants' Motion to Dismiss, to which Defendants filed their Reply and Motion to Strike Plaintiff's Response.  On December 20, 2010, the Magistrate Judge entered a final report recommending the dismissal of Defendants Moynihan and Noski, and the dismissal of all of Plaintiff's claims.  Plaintiff has failed to file any objections of the R&R.

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate

judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  This requires that the district judge "'give fresh consideration to those issues to which specific objection has been made by a party.'"  Jeffrey S. by Ernest S. v. State Board of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (quoting H.R. Rep. No. 94-1609, 94th Cong., 2d Sess. (1976)).  With respect to those findings and recommendations to which a party has not asserted objections, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).  Because neither party has objected to the R&R, the Court reviews the Magistrate Judge's findings of fact and conclusions of law for plain error.

    B.    <u>Motion to Dismiss</u>

Defendants move to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted, and Rule 8(a) for failure to provide a short, plain statement of the claim.[3]

---

[3] Defendants also move to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.  This Court agrees with the Magistrate Judge's determination

Plaintiff failed to file a response to Defendants' Motion to Dismiss by the deadline of June 14, 2010.[4] In considering Defendants' Motion to Dismiss, the Magistrate Judge first observed that Plaintiff's complaint, which he had used in another action, contains many conclusory legal allegations that are patently frivolous.[5] Finding no plain error, the Court accepts the Magistrate Judge's determination as to those allegations.

### 1. Defendants Moynihan and Noski

The Magistrate Judge dismissed Defendants Moynihan and Noski from this action, finding Plaintiff's general allegation that "Presidents or Vice Presidents of Bank of America . . . participated in . . . fraud through their endorsement on the assignment," to be a conclusory legal claim without any supporting factual

---

that, because the Complaint is subject to dismissal under Rule 12(b)(6), it is not necessary to discuss the personal jurisdiction issue.

[4] On July 1, 2010, Plaintiff filed his motion for extension of time. On July 20, 2010, without waiting for the Magistrate Judge to rule on his motion, Plaintiff filed his response to defendants' motion to dismiss. The Magistrate Judge denied Plaintiff's motion for an extension of time, finding that Plaintiff's statement that "the answer was due on July 1, 2010" did not constitute a good faith excuse for failure to file a timely response. See Clinkscales v. Chevron U.S.A., Inc., 831 F.2d 1565, 1568-69 (11th Cir. 1987). The Magistrate Judge thus found Defendants' Motion to Strike moot. This court also agrees with the Magistrate Judge's finding that, even if Plaintiff's response had been timely-filed, it argues only that discovery is required, and thus does not address the merits and would not affect the outcome of the pending Motion to Dismiss

[5] Among these, the Magistrate Judge rejected Plaintiff's allegations that "[t]here is no record that the bank ever made a legitimate loan" and that Defendants violated the NBA by entering into loans secured by real estate for more than five years.

allegations. As the Magistrate Judge observed, this Court has previously held that similar allegations failed to state a claim for relief against a bank's officers. See Hennington v. Aurora Loan Servs., LLC, 1:10-CV-0919-WSD, Doc. 11 at 5 (dismissing the individual defendants). The Court finds no plain error in the Magistrate Judge's findings of fact and conclusions of law.

2. RESPA and 42 U.S.C. §1983

The Magistrate Judge dismissed Plaintiff's claim in Count I under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §2601 et seq., finding that any RESPA claim is time-barred since Plaintiff failed to file it prior to November 2008. Under RESPA, a private right of action must be brought "within 1 year . . . from the date of the occurrence of the violation." 12 U.S.C. §2614. Since the mortgage loan was executed in November 2007, the Magistrate Judge found that Plaintiff had until November 2008 to file any RESPA claim. The Magistrate Judge also dismissed any claim in Count VI or VII for injunctive relief or sanctions under RESPA, finding these remedies not available as a matter of law.

The Magistrate Judge also dismissed Plaintiff's claim in Count I under 42 U.S.C. §1983, finding that private banks and their executives are not "state actors" as required for an action to be brought under Section 1983. See Morast v. Lance,

807 F.2d 926, 931 (11th Cir. 1987).  The Court finds no plain error in the Magistrate Judge's findings of fact and conclusions of law.

### 3. FDCPA

The Magistrate Judge dismissed Plaintiff's claim in Count X for damages arising from the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., finding that Defendant is not a debt collector as defined by the FDCPA. The Magistrate Judge inferred that Bank of America originated the mortgage loan at issue for the purchase of Plaintiff's house.  Therefore, Defendant is Plaintiff's creditor, not a debt collector as required by the FDCPA.  The Magistrate Judge also dismissed Plaintiff's claims for injunctive relief or sanctions based on the FDCPA in Counts VI and VII of the complaint, finding those forms of relief unavailable under the FDCPA. The Court finds no plain error in the Magistrate Judge's findings of fact and conclusions of law.

### 4. Fraud and Mail Fraud

Plaintiff alleges "fraud by omissions and deceit…through [Defendants'] trading activities of the security instruments" in Count III, and sought damages for, among other alleged violations, "mail fraud" in Count X.  Compl. at 11, 13.  The Magistrate Judge dismissed both claims, finding that Plaintiff failed to plead the five elements of fraud with the specificity required under Georgia law and Rule 9

of the Federal Rules of Civil Procedure. Furthermore, the Magistrate Judge found that Plaintiff cannot state such a claim for mail fraud as a matter of law because the relevant statutes do not provide a private cause of action. The Court finds no plain error in the Magistrate Judge's findings of fact and conclusions of law.

     5.     FCBA and TILA

In Count X, Plaintiff alleges violations of the Fair Credit Billing Act ("FCBA"), 15 U.S.C. § 1666, et seq., which is part of the larger Truth in Lending Act ("TILA"), 15 U.S.C. §1601, et seq. The Magistrate Judge dismissed Plaintiff's claim for FCBA violations, finding that Plaintiff failed to identify the statutory or factual basis for such a claim. Count X simply includes a claim for "FCBA" violations. Moreover, the Magistrate Judge found that the FCBA is not applicable to the mortgage loan at issue here because the "definition of 'creditor' as used in [the FCBA] only applies to creditors offering open end credit plans," such as a credit card. Roybal v. Equifax, 405 F.Supp. 2d 1177, 1180 (E.D. Cal. 205); see also Gray v. American Exp. Co., 743 F.2d 10, 13 (D.C. Cir. 1984) (same). The Court finds no plain error in the Magistrate Judge's findings of fact and conclusions of law.

The Magistrate Judge also dismissed Plaintiff's claim in Count II for rescission under TILA, finding that Plaintiff failed to indicate that the mortgage at

11

issue was a refinance or consolidation loan rather than a first mortgage loan for acquisition of the property. Under TILA, rescission is not available for residential mortgage transactions where the security interest is "created or retained to finance the acquisition or initial construction of" a consumer's dwelling. 15 U.S.C. §§ 1602(w), 1635(e)(1). Moreover, the Magistrate Judge noted that, even if the loan is not a first mortgage loan, Plaintiff has failed to allege that his loan obligations were more than satisfied by the foreclosure sale, such that Defendants (the lender) would owe money back to Plaintiff (the borrower). Therefore, the Magistrate Judge found that Plaintiff has not made the necessary allegations to exercise a right to rescission. The Magistrate Judge also dismissed Plaintiff's claim for injunctive relief or sanctions in Counts VI and VII based on TILA, finding that injunctive relief is not available under TILA. The Court finds no plain error in the Magistrate Judge's findings of fact and conclusions of law.

      6.     State Law Claims

The Magistrate Judge dismissed, without prejudice, Plaintiff's state law claims in Counts I, II, IV, VIII, and IX,[6] finding these claims based entirely on

---

[6] Plaintiff makes the following state law claims: Count I, Defendants violated "O.C.G.A. §§ 51-1-1, 51-16 and 51-12-30." Compl. at 10-11. Count II, based on TILA, includes a claim for relief based on Georgia's "equity code," O.C.G.A. § 23-2-31. Id. at 11. Count III, state law claims for fraud and unjust enrichment. Id. Count IV, a claim for set-off and recoupment under Georgia UCC § 3-305. Id. at

conclusory legal allegations without supporting facts.  As such, Plaintiff failed to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  The Court finds no plain error in the Magistrate Judge's findings of fact and conclusions of law.

### 7. Costs and Fees

The Magistrate Judge dismissed Plaintiff's claim for litigation fees and costs in Count V, finding that such an award is unavailable since Plaintiff is proceeding *pro se*.  The Court finds no plain error in the Magistrate Judge's findings of fact and conclusions of law.

### C. Motion to Amend the Complaint/Repleader

The Magistrate Judge denied Plaintiff's motion to amend the complaint and recommended that repleader not be ordered, finding that Plaintiff's motion to amend his complaint failed to correct the deficiencies, of which Plaintiff was already aware, in the original complaint.  Plaintiff's added claims for "[f]ailing to answer freedom of information request as well as failing to answer to challenge of debt pursuant to Fair debt collection act (sic)" consist of conclusory legal allegations without factual support. Mot. to Amend at 2.  The Magistrate Judge

---

12. Count VIII, a claim "to remove the license of those practicing law and to fine the principals, or assigns and bar them from future banking activities for their breach of obligations under the laws," without citing a basis for such relief.  Id. at 13. Count IX, a claim for damages based on emotional stress.  Id.

found that Plaintiff failed to state a claim upon which relief could be granted with regard to both claims.  Defendant Bank of America is not a "debt collector" as defined in the FDCPA.  Furthermore, the Freedom of Information Act ("FOIA") applies to government agencies.  See 5 U.S.C. § 551(1).  Bank of America is a financial institution, not part of the federal government.  Given Plaintiff's failed attempt to amend the pleadings and comply with Federal notice pleading rules, Fed. R. Civ. P. 8 and 10, the Court agrees with the Magistrate Judge's finding that repleader of the federal claims asserted in the complaint would be futile.[7]  The Court finds no plain error in the Magistrate Judge's findings of fact and conclusions of law.

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Final Report and Recommendation of Magistrate Judge Janet F. King is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend the complaint is **DENIED**.

---

[7] Defendants' motion to dismiss also includes, in the alternative, a motion for more definite statement pursuant to Rule 12(e).  Because Plaintiff's motion to amend the complaint is denied, and repleader would be futile, Defendants' motion for more definite statement is moot.

**IT IS FURTHER ORDERED** that Defendants Moynihan and Noski are **DISMISSED** from this action, and Defendants' motion to dismiss the complaint is **GRANTED**.  Plaintiff's claims in Count I (RESPA and Section 1983), Count II (TILA), Count V (for fees and costs), Counts VI and VII (for injunctive relief and sanctions), and Count X (FDCPA, FCBA, and mail fraud) are **DISMISSED WITH PREJUDICE**.  Plaintiff's state law claims in Counts I, II, III, IV, and IX are **DISMISSED WITHOUT PREJUDICE** to Plaintiff's right, if any, to assert such claims in state court.

**SO ORDERED** this 17th day of February, 2011.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE